# Highland Avenue & Belt Railroad Co. v. Fennell.

*Action against a Railroad Company to recover Damages for Personal Injuries.*

1. *Action against railroad for negligence; contributory negligence; affirmative charge.*—In an action against a railroad company to recover damages for personal injuries received from a collision beteen defendant's train and an electric car upon which plaintiff was riding, in the discharge of his duties as conductor, where the proof shows that defendant's train had the right of way over the crossing at which the accident occurred, and that by looking up and down defendant's track in the diriction whence the train was coming plaintiff could have seen the train a distance of 880 feet, but nevertheless he attempted to cross with his car in front of it, it is held, (1), that the duty of keeping a lookout for defendant's train, as he approached defendant's track, was on plaintiff; (2), that if he discharged this duty, he saw defendant's train approaching the crossing, and knowing it had the right of way, in attempting to cross in front of it, the plaintiff was guilty of negligence, if not recklessness; (3), that if plaintiff omitted to look, he was equally guilty of negligence; and, (4), that such negligence on the part of the plaintiff proximately contributed to the injuries of which he complains; and hence, in such case the defendant is entitled to the general affirmtive charge in its favor, upon its plea of contributory negligence.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellee, James W. Fennell, against the appellant, the Highland Avenue & Belt Railroad Company, to recover damages for personal injuries, alleged to have been sustained by reason of the negligence of the defendant's employés.

The complaint, as amended, contained four counts. The first count alleged that the negligence which resul-

ted in the plaintiff's injury consisted in failing to give the danger signal by ringing the bell of the dummy, as required by law. In the second count, the negligence alleged consisted in running the defendant's train more rapidly than four miles an hour, which was the rate prescribed by law. In the third count the injury is alleged to have been due to the negligence of the engineer in charge of the dummy, who, after seeing the plaintiff in peril, failed to use all the means in his power, known to skillful engineers, to avoid the collision with the car upon which the plaintiff was riding. The negligence complained of in the fourth count was that the engineer on defendant's train, after being in a position to see plaintiff's peril, failed to use all means within his power, known to successful engineers, to prevent the injury; and further averred that if such means had been used by said engineer, the injury would have been avoided.

The defendant pleaded the general issue, and ten special pleas, setting up contributory negligence on the part of the plaintiff.

It was shown by the evidence, that the defendant operated a line in the city of Birmingham, which ran up and down 1st Avenue in said city from east to west, and crossed 20th street, the point of collision; that the Birmingham Railway & Electric Company was operating an electric car line which ran up and down 20th street north and south, crossing defendant's track on 1st Avenue; that at the crossing at 1st Avenue there were double trac-s on each of the railroads; that at the time of the accident the plaintiff was in the employ of the Birmingham Railway & Electric Company as conductor on one of its motor cars, and was in the discharge of his duties at the time of the injury, being upon the rear platform of the car; that the accident occurred about 6 o'clock in the morning, and that the electric car in charge of the plaintiff upon reaching 1st Avenue stopped within 5 or 6 feet of the south dummy track, while an East Lake dummy train passed on the dummy track from the west side of 20th street on to the east side; that when the electric car stopped, a person on either platform could have seen up 1st Avenue towards 22d street, a distance of 880 feet, the street being unobstructed; that the defendant's train was coming from 22d street, and that as soon as the East Lake dummy

train passed, the motorman, who was on the front plat-
form of the car signalled the conductor, the plaintiff,
that the track was clear, and thereupon the conductor
ordered the motorman to proceed ; that in obedience to
this signal from the conductor, the motorman caused the
car to move forward, and after it had gotten about two-
thirds on the second or north dummy track, it was run
into by a train being operated by the defendant, in which
collision the plaintiff was injured.

There was evidence tending to show that at the time
of the accident, the defendant's train was running at
the rate of from 8 to 10 miles an hour, while there was
an ordinance of the city which required that it should
not run within the corporate limits at a greater rate of
speed than 4 miles an hour ; and that the bell of the
dummy engine was not being rung, as was required by
the city ordinance. The plaintiff testified that he did
not know whether he looked up 1st Avenue towards 22d
street or not, and that when he first saw the defendant's
dummy train, it was on the east side of 20th street about
30 or 40 feet away, and it struck the car upon which he
was conductor immediately thereafter.

The engineer on defendant's dummy engine at the
time of the collision testified that the train, which col-
lided with the car on which plaintiff was conductor,
stopped on the east side of 20th street, as was its cus-
tom, and that the track being clear, he started the train
again and soon afterwards heard his fireman yell "Look
out, there's a car ;" that as soon as he heard this, he
saw the car, reversed his engine, and did all in his
power, known to skillful engineers, to stop the train,
but could not do so before it collided with the car on
which the plaintiff was. The other facts of the case are
sufficiently stated in the opinion.

The defendant requested the court to give to the jury,
among other instructions, the general affirmative charge
in its behalf, and separately excepted to the court's re-
fusal to give each charge as asked.

There were verdict and judgment for the plaintiff.
The defendant appeals, and assigns as error, among
other rulings, the refusal of the court to give the general
affirmative charge asked by it.

ALEX T. LONDON and JOHN LONDON, for appellant.—

[Highland Avenue & Belt Railroad Co. v. Fennell.]

1. The appellant asked for the general charge and assigns as error the refusal of the trial court to give it. We respectfully insist that the court erred in refusing to give said charge on both propositions, as laid down in *Pannell v. R. R. Co.*, 97 Ala. 298.

2. When contributory negligence is plainly shown, and there is no evidence of willful negligence, there is nothing to submit to the jury.—*C. & W. R. R. Co. v. Bradford,* 86 Ala. 574; *St. Louis R. R. Co. Schumacher,* 152 U. S. 77; *R. R. Co. v. Jones,* 95 U. S. 439; *R. R. Co. v. Houston,* 95 U. S. 697.

3. A person approaching a railroad crossing is required to look in both directions and listen, and a failure to do so is contributory negligence and defeats an action counting on simple negligence.—*Railway Co. v. Lee,* 92 Ala. 262; *Leak v. R. R. Co.,* 90 Ala. 161: *L. & N. R. R. Co. v. Webb,* 90 Ala. 185; *L. & N. R. R. Co. v. Crawford,* 89 Ala. 244; *H. A. & B. R. R. Co. v. Sampson,* 91 Ala. 560; *L. & N. R. R. Co. v. Richards,* 100 Ala. 365; 4 Amer. & Eng. Encyc. of Law, 73 and note 1.

4. Where the plaintiff was in a position to see an approaching train by looking, his failure to look defeats his action.—*Nave v. A. G. S. R. R. Co.,* 96 Ala. 264.

LANE & WHITE, *contra.*—A failure to observe the laws of a city when operating a train within the city limits is negligence *per se.* The substituted first count alleges a negligent failure to give signals as required by the city ordinance, from which, as a result, injury resulted. The demurrers were properly overruled.—*R. & D. R. Co. v. Freeman,* 97 Ala. 297; *S. & N. R. R. Co. v. Donovan,* 84 Ala. 141. The same may be said with reference to the point raised by the second assignment of error. The second count shows the violation of a city ordinance in running a train faster than four miles an hour on 1st Avenue, and alleges such rapid running to be the cause of the injury.

Written charge No. 1 was properly refused. Each count charged negligence and was supported by proof. The plaintiff swears that he looked and listened before starting, and it was for the jury to say whether or not he was guilty of contributory negligence. The conductor was really under no obligation to look or listen. It was the duty of the motorman to see that the way was

clear, and to inform the conductor by sounding the gong, he being in front and the conductor in the rear ; and then it was the duty of the conductor to order him ahead. It would be necessary, under the facts in this case, to convict the plaintiff of actual notice of the approach of defendant's train before he could be guilty of contributory negligence. Nobody on the electric car was to blame ; but, if it was anybody, it was the motorman, and not the conductor—the plaintiff.

McCLELLAN, J.—There is evidence in this case tending to show negligence on the part of the defendant's engineer in respect of his duty to ring the bell on his locomotive while going along a street of the city of Birmingham and also in respect of the rate of speed he maintained on 1st Avenue just before and up to the collision. Whether the tendency of any of the evidence imputed negligence to him in failing to properly exert himself to avert the collision after he saw or was in position to see the car on which plaintiff was riding is not so clear; but that we need not decide, because, *first*, it is immaterial so far as the request by defendant for the affirmative charge is concerned, since, as we have seen, there was evidence supporting the other two counts of the complaint, and the charge requested which had reference to the engineer's conduct as to stopping his train tended to mislead the jury as to the real issue under the fourth count, which was whether he was negligent after being *in a position to see*, and not *after he saw*, the car on which plaintiff was riding ; and, *second*, it is unnecessary to decide the question stated for that our conclusion will be that the defendant was entitled to the affirmative charge on its plea of contributory negligence.

We think it was shown by the evidence without conflict or contrary inference that the plaintiff was guilty of negligence either in attempting to run his car across the track of the defendant in front of defendant's train, having seen the approach of the said train, or in making such attempt without looking to see whether a train was approaching on defendant's line. The Highland train must necessarily have been in 1st Avenue when the car on which plaintiff was riding ran out into that avenue and stopped within 5 or 6 feet of the East Lake track. Plaintiff was on the rear platform of his car, and this

position is shown by the evidence to have been several feet out in the avenue beyond the line of the houses. There was at that time no obstruction whatever to plaintiff's view up 1st Avenue, the East Lake train not then having crossed 20th Street going north, and plaintiff could have seen a dummy train up as far as 22d Street, a distance of 880 feet. Defendant's train was then within this distance. Having this commanding point of view, it is of no consequence whether plaintiff looked up the avenue or not. If he did look, the conclusion is inevitable that he saw defendant's train approaching, and, on this assumption, he was clearly guilty of negligence in attempting to cross in front of it, especially as it had the right of precedence at the crossing. If he did not look, this was equally negligent, as has been many times declared by this court. Even after the East Lake train had crossed 20th Street or while it was crossing, plaintiff might easily have seen the Highland train coming down the avenue ; but knowing that the East Lake train, as soon as it crossed the street, would practically obstruct the view of defendant's track, the duty of looking for defendant's train was on the plaintiff from the time that train began to cross over 20th Street. The other circumstances in evidence go to accentuate this duty. It is said that the Highland train should then have been at 19th Street, but it was not there as was plainly to be seen by the plaintiff after the passing of the East Lake train. There is, therefore, nothing in the suggestion that plaintiff had a right to assume that defendant's train had already passed. On the contrary, the fact that said train had not passed on to 19th Street, which was its terminus, was notice to plaintiff that it might come down the avenue to and across 20th Street at any moment, as it was past due, and should have quickened his alertness to discover its approach and keep out of its way.

We see no escape from the conclusions, (1) that the duty of keeping a lookout for the Highland train as plaintiff approached defendant's track was on him ; (2) that if he discharged this duty he saw the Highland train approaching the crossing, and, knowing it had the right of way, yet attempted to cross its track in front of it ; this was negligence if not recklessness ; (3) that if he failed to discharge this duty, omitting to look, he was

equally guilty of negligence; and (4) that his negligence proximately contributed to the injuries of which he complains. The court, therefore, erred in refusing the affirmative charge requested by the defendant.

Reversed and remanded.